IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                  Criminal No. 3:06CR44

NATHANIEL JONES,

    Petitioner.

## MEMORANDUM OPINION

Nathaniel Jones, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Jones asserted that, in light of the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "<u>involves conduct that presents a serious potential risk of physical injury to another</u>."

<u>Johnson</u>, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." <u>Id.</u> at 2556. The <u>Johnson</u> Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Id.</u> at 2563.

challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted). Thus, Jones's claim lacks merit.[2] Accordingly, the Government's Motion to Dismiss (ECF No. 63) will be granted. The § 2255 Motion (ECF No. 58) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Jones and counsel of record.

It is so ORDERED.

Date: June 13, 2017
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

[2] Petitioner also contends that his two convictions for aggravated assault no longer qualify under the "enumerated offenses" clause or the "force" clause of the career offender provision of the guidelines. However, these challenges to his career offender enhancement under the guidelines are not cognizable under 28 U.S.C. § 2255. See Lee, 855 F.3d at 246-47; United States v. Foote, 784 F.3d 931, 939-43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion).

2